## SIMPSON v. WHITMAN.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. HIGHWAYS (§ 184*)—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

　　In an action for injuries to a traveler on a highway in a collision with a motor car, evidence *held* not to support a finding of freedom from contributory negligence, necessitating a new trial.

　　[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. § 184.*]

2. HIGHWAYS (§ 184*)—INJURIES TO TRAVELERS IN COLLISIONS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

　　One suing for injuries in a collision with a motor car on a highway has the burden of proving freedom from contributory negligence.

　　[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. § 184.*]

　　Burr, J., dissenting in part.

---

Appeal from Trial Term, Orange County.

Action by Edward W. Simpson against James S. Whitman. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Edward J. Redington (William L. Kiefer, on the brief), for appellant.

A. H. F. Seeger, for respondent.

CARR, J. The plaintiff has recovered a verdict for $2,750 for personal injuries resulting from a collision between himself and the defendant's motor car on a country highway in Orange county. The defendant appeals from the judgment. There was ample evidence from which the jury might infer negligence on the part of the defendant. The motor car was being driven at such a high rate of speed that, after running down the plaintiff, it jumped a stone wall about five feet high, and then kept on across a field of clover for 30 feet before it was brought to a stop.

[1] The chief point of attack on the judgment is the claim that the plaintiff was guilty of contributory negligence. When he was struck he was on a bicycle. He had come into the highway from a driveway on an adjoining farm, where he was employed as a servant. This driveway had a sharp descent towards the highway, the grade being six feet to the hundred. He testified that as he descended the driveway he could look out into the roadway at a certain point, and see whether it was clear or not, but that near the entrance to the highway there was a clump of shrubs and trees which would obscure his vision one way, when he reached that point. The point on the driveway at which an observation could be made was about 100 feet from the highway. He testified that he made an observation there, and, seeing the roadway clear, he rode down the descending path out into the roadway, and was there struck by the defendant's automobile, which he had not seen before. According to the plaintiff's proofs, the highway there was on a grade, and an auto coming from the south, as did this auto, could not be seen if it was more than 308 feet away. This highway was a state road, and much used by autos. The plaintiff was a licensed chauffeur, and familiar with the use of some kinds of motor cars. The defendant claims that as the plaintiff knew that the highway was much used by autos, and that because of the grade in the highway oncoming vehicles could not be seen more than 308 feet away, it was contributory negligence for him to ride out into the highway on his bicycle without taking some observations at the point of his entry into the highway. There is scant, if any, proof that the plaintiff looked either way when he entered upon the highway. He swears that he did look when he was 100 feet away from the highway. It could have taken but a few seconds to traverse this space on a bicycle on a descending path, and but a few seconds more to get out into the center of the highway. At the same time it could have taken but a brief time for an auto going

20 miles an hour to traverse the distance of 308 feet from the point at which it would first come into the view of the plaintiff had he looked as he attempted to cross the highway. Before he entered the highway, and while descending the path, he was seen by the driver of the auto. A warning signal was then given by the oncoming car. The plaintiff paid no attention to it, if he heard it. As the plaintiff was crossing the highway, the driver of the car attempted to avoid him and swerved his vehicle, but in vain. When the driver of the motor car saw the plaintiff coming down the path on the bicycle, he did not reduce the speed of his car, but took it for granted that he had done enough when he "tooted" the horn. The mere giving of the warning signal was not the full measure of his duty under such circumstances, for he was bound to anticipate that if the plaintiff did not see or hear the auto, there was a likelihood of danger.

But did the plaintiff exercise reasonable care on his part in view of all the circumstances? He started to ride down a descent which grew steeper as he neared the highway, thus necessarily increasing his speed. He had suspended on the handlebar of his bicycle two milking pails, thus necessarily hampering to some extent his control of the bicycle. The only place at which he made any observation as to the highway was about 100 feet away. A bicycle coming down grade would necessarily cover the remaining distance in a few seconds. He knew the highway was used frequently by motor cars. He intended to cross this highway to the portion of the farm on the other side. He testified that he had made the observation when he started down the driveway on the bicycle "because there are vehicles coming along that road" (the highway), "sometimes at a high rate of speed that a man is to look out for." He knew that such vehicles could not be seen by him if coming from the south, until they had come up a high grade and reached an eminence only 308 feet away, and that thereafter there would be a descending grade. Under such circumstances, was it reasonable care on his part to go right on, with an incumbered bicycle, across the road, without looking as he entered upon the road?

The plaintiff produces several witnesses who, while they saw the actual collision, did not see all the happenings which caused it, and they testify that they heard the auto give two sharp warning signals with its horn. Yet the plaintiff, according to his own testimony, neither saw nor heard the vehicle nor its horn. The defendant gave proof that when the plaintiff came out on the highway he was looking in the direction of defendant's car; that his bicycle was "wabbling" under him; that he made some motion with his head in the nature of a signal; that the auto horn was blown, and the machine was swerved to avoid him, but that in his uncertainty of movement it was impossible to escape collision with him. The plaintiff was asked to refute this testimony by a denial thereof, but he would go no further on this point than to say that he did not remember sufficiently these circumstances to deny them. All his other testimony shows no lapse of memory about the circumstances of the accident.

[2] While the question of his freedom from contributory negli-

gence was, in this case, for the jury to decide, yet he had the burden of proof from which no jury has a power of exemption. It seems to us that the clear weight of evidence was against him on this point.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur; BURR, J., in result upon the ground that plaintiff was guilty of contributory negligence as matter of law.